**BECKER LLC**
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
Justin S. Baumgartner, Esq.
Email: jbaumgartner@becker.legal
*Attorney for Chapter 7 Trustee,*
*Eric R. Perkins*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLINA C. ZAMORA, on behalf of herself and those similarly situated,<br><br>Plaintiff<br><br>v.<br><br>NATIONWIDE CREDIT, INC.; and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 2:20-cv-15755<br><br>Honorable Julien Xavier Neals |

### STIPULATION OF DISMISSAL

**IT IS HEREBY STIPULATED,** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and the United States Bankruptcy Court's Order dated December 20, 2023 approving, among other things, the settlement of this case between Eric R. Perkins in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Plaintiff Carolina C. Zamora and Defendant Nationwide Credit, Inc. (the "Settlement Approval Order), that all claims and counterclaims of the Plaintiff Carolina C. Zamora that have been asserted in the above-captioned action are hereby dismissed with prejudice. Further, any and all claims that have been or could be asserted by a putative class member other than Plaintiff are dismissed without prejudice. The Settlement Approval Order is attached hereto as **Exhibit A**.

| | |
|---|---|
| **BECKER LLC**<br>Counsel for Eric R. Perkins, Esq.<br>Chapter 7 Trustee | **SESSIONS ISRAEL & SHARTLE**<br>Counsel for Nationwide Credit, Inc. |
| By: */s/ Justin S. Baumgartner, Esq.*<br>    Justin S. Baumgartner, Esq. | By: */s/ Aaron Easley, Esq.*<br>    Aaron Easley, Esq. |
| Dated: January 10, 2024 | Dated: January 10, 2024 |

**So ORDERED on 1/11/2024:**

_____
JULIEN XAVIER NEALS
United States District Judge

# Exhibit A

| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY Caption in compliance with D.N.J. LBR 9004-2(c) |
|---|
| **BECKER LLC** <br> 354 Eisenhower Parkway <br> Plaza Two, Suite 1500 <br> Livingston, NJ 07039 <br> Telephone: (973) 422-1100 <br> eperkins@becker.legal <br> jbaumgartner@becker.legal <br> ERIC R. PERKINS, ESQ. <br> JUSTIN BAUMGARTNER, ESQ. <br> Attorneys for Eric R. Perkins, Chapter 7 Trustee |
| In re: <br><br> CAROLINA C. ZAMORA, <br><br> Debtor. |

Order Filed on December 20, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 7

Case No. 22-13304 (JKS)

Honorable John K. Sherwood, U.S.B.J.

Hearing Date: December 12, 2023 at 10:00 AM

**ORDER PURSUANT TO 11 U.S.C. § 363(b) AND § 502 AND FED. R. BANKR. P. 9019 (I) APPROVING THE SETTLEMENT OF ALL CLAIMS MAINTAINED BY THE ESTATE AND THE TRUSTEE AGAINST MIDLAND CREDIT MANAGEMENT, INC., SYNERGETIC COMMUNICATION, INC., NEW JERSEY MANUFACTURERS INSURANCE COMPANY, REMEX, INC., NATIONWIDE CREDIT, INC. AND NCB MANAGEMENT SERVICES, INC. AND (II) GRANTING OTHER RELATED RELIEF**

The relief set forth on the following pages numbered two (2) through four (4), be and is hereby **ORDERED**.

**DATED: December 20, 2023**

*/s/ John K. Sherwood*

Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)

| | |
|---|---|
| In re: | **CAROLINA C. ZAMORA** |
| Case No.: | 22-13304 (JKS) |
| Caption: | ORDER PURSUANT TO 11 U.S.C. § 363(b) AND § 502 AND FED. R. BANKR. P. 9019 (I) APPROVING THE SETTLEMENT OF ALL CLAIMS MAINTAINED BY THE ESTATE AND THE TRUSTEE AGAINST MIDLAND CREDIT MANAGEMENT, INC., SYNERGETIC COMMUNICATION, INC., NEW JERSEY MANUFACTURERS INSURANCE COMPANY, REMEX, INC., NATIONWIDE CREDIT, INC. AND NCB MANAGEMENT SERVICES, INC. AND (II) GRANTING OTHER RELATED RELIEF |

**THIS MATTER** having come before the Court on the motion of Becker LLC, bankruptcy counsel to Eric R. Perkins, Chapter 7 Trustee (the "Chapter 7 Trustee" or "Trustee") of the estate of debtor Carolina C. Zamora (the "Debtor"), for an Order pursuant to 11 U.S.C. §§ 330 and 363, Fed. R. Bankr. P. 2016 and 9019, and D.N.J. LBR, 2016-1 and 9019-3 approving the settlement by and among the Estate and the Trustee on one hand and Midland Credit Management, Inc. ("MCM"), Synergetic Communication, Inc. ("Synergetic"), New Jersey Manufacturers Insurance Company ("NJM"), Remex, Inc. ("Remex"), Nationwide Credit, Inc. ("Nationwide") and NCB Management Services, Inc. ("NCB") on the other (collectively the "Parties"), for the settlement of all claims against the Parties (the "Settlement") and (II) for other related relief (the "Settlement Motion"); and it appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) notice of the Settlement Motion as it pertains to the entry of this order was good and sufficient under the circumstances and that no other or further notice need be given with respect to entry of this Order; and the Court having reviewed the Settlement Motion and the Debtor's objection thereto, and having heard the arguments of counsel in support of and in opposition to the relief requested at a hearing before the Court; and it appearing that

(Page 3)

| | |
|---|---|
| In re: | **CAROLINA C. ZAMORA** |
| Case No.: | **22-13304 (JKS)** |
| Caption: | **ORDER PURSUANT TO 11 U.S.C. § 363(b) AND § 502 AND FED. R. BANKR. P. 9019 (I) APPROVING THE SETTLEMENT OF ALL CLAIMS MAINTAINED BY THE ESTATE AND THE TRUSTEE AGAINST MIDLAND CREDIT MANAGEMENT, INC., SYNERGETIC COMMUNICATION, INC., NEW JERSEY MANUFACTURERS INSURANCE COMPANY, REMEX, INC., NATIONWIDE CREDIT, INC. AND NCB MANAGEMENT SERVICES, INC. AND (II) GRANTING OTHER RELATED RELIEF** |

---

entry of this Order is in the best interest of creditors and the Debtor's bankruptcy estate (the "Estate"); and upon the Settlement Motion and the record of the hearing thereon; and after due deliberation and good cause appearing,

**NOW IT IS ORDERED THAT:**

1. The Trustee's Settlement Motion is hereby GRANTED.

2. The $32,000.00 gross global Settlement attached hereto as **Exhibit A** is in the best interest of the Estate and is hereby APPROVED.

3. The Trustee is authorized to enter into, execute and deliver such other documents or instruments, if any, necessary or appropriate in order to effectuate the Settlement. Such documents include but are not limited to a Stipulation of Dismissal with prejudice as to the Debtor's individual claims only and without prejudice as to the claims of the putative class members and the claims of any other party.

4. Any and all documents and instruments executed by the Trustee relating to the Settlement, is and shall be valid, binding, and enforceable according to their terms.

5. The Trustee and the Estate will be responsible for any validly claimed exemption of the Debtor from its allocated share of the Settlement Amount.

6. A copy of this Order shall be served upon all interested parties in this

(Page 4)

| | |
|---|---|
| In re: | CAROLINA C. ZAMORA |
| Case No.: | 22-13304 (JKS) |
| Caption: | ORDER PURSUANT TO 11 U.S.C. § 363(b) AND § 502 AND FED. R. BANKR. P. 9019 (I) APPROVING THE SETTLEMENT OF ALL CLAIMS MAINTAINED BY THE ESTATE AND THE TRUSTEE AGAINST MIDLAND CREDIT MANAGEMENT, INC., SYNERGETIC COMMUNICATION, INC., NEW JERSEY MANUFACTURERS INSURANCE COMPANY, REMEX, INC., NATIONWIDE CREDIT, INC. AND NCB MANAGEMENT SERVICES, INC. AND (II) GRANTING OTHER RELATED RELIEF |

---

bankruptcy case within seven (7) days from the date hereof.

    7.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Settlement Motion and/or implementation of this Order.

    8.    This Order is effective immediately upon entry.

Case 2:20-cv-15755-JXN-SDA   Document 60   Filed 01/11/24   Page 8 of 18 PageID: 376
Case 2:20-cv-15755-JXN-SDA   Document 10-3   Filed 10/12/20   Page 5 of 13 PageID: 50
Document     Page 5 of 15

# Exhibit A

# SETTLEMENT AGREEMENT
# AND GENERAL RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS is made on the last date written below by and among Eric R. Perkins as Chapter 7 Trustee (the "Trustee") of Carolina C. Zamora's Bankruptcy Estate, Bankruptcy Case No. 22-13304, Midland Credit Management, Inc. ("MCM"), Synergetic Communication, Inc. ("Synergetic"), New Jersey Manufacturers Insurance Company ("NJM"), Remex, Inc. ("Remex"), Nationwide Credit, Inc. ("Nationwide"), and NCB Management Services, Inc. ("NCB").

## Definitions

A. **"Zamora"** shall mean Carolina C. Zamora, the Debtor in the above-referenced bankruptcy proceeding.

B. **"MCM-Related Persons"** shall mean MCM's predecessors, successors, assigns, parent corporations (including, but not limited to, Encore Capital Group, Inc.), subsidiaries (including, but not limited to, Midland Funding LLC), affiliates (including but not limited to, Asset Acceptance, LLC and Asset Acceptance Capital Corp., and Atlantic Credit & Finance, Inc.), holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, members, officers, directors, shareholders, managers, employees, clients, agents, servants, representatives, officials, attorneys, associates and trustees.

C. **"Synergetic-Related Persons"** shall mean Synergetic's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, clients, agents, servants, representatives, officials, attorneys, associates and trustees.

D. **"NJM-Related Persons"** shall mean NJM's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, clients, agents, servants, representatives, officials, attorneys, associates and trustees.

E. **"Remex-Related Persons"** shall mean Remex's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, clients, agents, servants, representatives, officials, attorneys, associates and trustees.

F. **"Nationwide-Related Persons"** shall mean Nationwide's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners,

Case 2:20-cv-15755-JXN-SDA   Document 60   Filed 01/11/24   Page 10 of 18 PageID:
Case 2:20-cv-15304-JXN-ESK   Document 20-3   Filed 12/12/23   Page 10 of 18 PageID: 378
Document   Page 7 of 15

insurers, officers, directors, shareholders, managers, employees, clients, agents, servants, representatives, officials, attorneys, associates and trustees.

G. **"NCB-Related Persons"** shall mean NCB's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, clients, agents, servants, representatives, officials, attorneys, associates and trustees.

H. **"Agreement"** shall mean this Settlement Agreement and Release of Claims.

I. **"Parties"** shall mean the Trustee, Synergetic, NJM, Remex, Nationwide, NCB and MCM collectively with each singular individual or entity being a **"Party."**

J. **"Lawsuits"** shall mean the cases titled:

   a. *Carolina C. Zamora v. Midland Credit Management, Inc.*, Case No. ESX-L-4221-21, filed on or about 6/03/2021 in the Superior Court of New Jersey Law Division Essex County that was removed and is presently pending before the United States District Court, District of New Jersey Case No. 2:21-cv-13290.

   b. *Carolina C. Zamora v. Midland Credit Management, Inc.*, Case No. ESX-L-2421-22, filed on or about 4/22/2022 in the Superior Court of New Jersey Law Division Essex County that was removed and is presently pending before the United States District Court, District of New Jersey Case No. 2:22-cv-03250

   c. *Carolina C. Zamora, et al. v. Synergetic Communication, Inc, Michael Orlando and Ken Walsh* filed in the Superior Court of New Jersey, Law Division, Bergen County on April 13, 2021 - Docket no. ber-l-002497-21. Removed to NJ District Fed Ct (Newark) on May 20, 2021- Civil Case No. 2:21-cv-11544-CCC-JBC.

   d. *Carolina C. Zamora v. NCB Management Services Inc.*, Case No. ESX-L2422-22, filed on or about 4/27/2022 in the Superior Court of New Jersey Law Division Essex County and that has been dismissed without prejudice upon Zamora's filing of bankruptcy.

   e. *Carolina C. Zamora v. Nationwide Credit, Inc.*, Case No 2:20-cv-15755, filed on or about November 9, 2020 in the in the United States District Court for the District of New Jersey.

K. **"Claims"** shall mean all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown,

2

suspected or unsuspected or of whatever type or nature that are property of Zamora's bankruptcy estate.

L. **"Credit Bureaus"** shall mean the following national credit reporting agencies: Equifax, Experian and TransUnion.

**Recitals**

i. On or about April 23, 2022, Carolina C. Zamora ("Zamora") filed a Chapter 7 petition for bankruptcy.

ii. On April 24, 2022, Eric R. Perkins was appointed as Trustee for Zamora's bankruptcy estate and, as Trustee, has an interest in and control over any pre-petition claims Zamora has or may assert prior to the resolution of Zamora's bankruptcy case.

iii. Zamora and Trustee have asserted claims and/or indicate that they possess potential claims against MCM, Synergetic, NJM, Remex, Nationwide and NCB.

iv. The Parties wish to resolve any and all claims and possible claims that any Party may have against any other Party.

v. The Parties do not admit to any liability for any alleged and/or potential claims.

**Agreement**

In consideration of the covenants contained herein, the Parties acknowledge, promise and agree as follows:

1. Within fourteen (14) days after his receipt of the fully-executed Agreement, the Trustee shall prepare and file a motion seeking Bankruptcy Court approval of the Agreement. This Agreement is subject to, and shall not become effective, until it is approved by written Order of the Bankruptcy Court. If the Bankruptcy Court fails to enter an Order approving the material terms of the Agreement, the Agreement shall be null and void and have no further force and effect.

2. In exchange for the consideration provided for in Paragraph three (3) below, Trustee releases MCM, MCM-Related Persons, Synergetic, Synergetic-Related Persons, NJM, NJM-Related Persons, Remex, Remex-Related Persons, Nationwide, Nationwide-Related Persons, NCB and NCB-Related Persons (the "Released Parties") from any and all Claims belonging to the Trustee and/or Zamora that are property of Zamora's bankruptcy estate. In addition, Trustee releases the Credit Bureaus from any and all Claims that relate to any account and/or debt related to Released Parties. The Released Parties hereby waive any right to collect, receive, or recover monies from Zamora's bankruptcy estate.

3. The Released Parties shall issue payment in the amount totaling Thirty-Two Thousand dollars ($32,000) to the Trustee within ten (10) business days of the Bankruptcy Court entering a final non-appealable order approving this Agreement. The Released Parties will issue any information statements required by law for the Released Parties payment made pursuant to this Agreement. The Released Parties make no representations regarding tax consequences, if any,

3

of the payment made pursuant to this Agreement. The Parties shall pay their own court costs and attorneys' fees.

4. Within ten (10) business days of the payment set forth in Paragraph three (3) and the Bankruptcy Court entering a final non-appealable order approving this Agreement, Trustee shall dismiss the Lawsuits in their entirety with prejudice and shall file forthwith the requisite dismissal with prejudice with the requisite court and withdraw any related Claims pending before any tribunals, courts or administrative bodies. Trustee shall cause a conformed copy of the requests for dismissal with prejudice of the Lawsuits to be delivered via e-mail to the Release Parties.

5. This Agreement is the result of compromise, and is entered into in good faith for the purpose of fully and finally settling all disputes and/or potential disputes and to avoid the expense and uncertainty of litigation. Trustee acknowledges that the consideration set forth in Paragraph three (3) of this Agreement is valuable and is provided for, among other things, the purpose of termination with prejudice, and obviating further involvement in litigation based upon disputed claims raised by Trustee and/or Zamora in the Lawsuits and any other potential lawsuits involving pre-petition claims and is provided without any admission or concession whatsoever by the Released Parties that they engaged in any wrongful or unlawful act, or violated any federal, state or local statute, ordinance, law or regulation, which the Released Parties expressly deny.

6. This Agreement covers and includes all Claims that Zamora has against the Released Parties that are property of her bankruptcy estate, whether actually known or not, despite the fact that any applicable state and/or federal law may provide otherwise. Trustee hereby waives any rights or benefits under California Civil Code § 1542 (or any similar federal or state statute, regulation, or rule), which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT [TRUSTEE] DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH [MCM AND MCM-RELATED PERSONS]."

7. Trustee represents and warrants that he, as Trustee, is the sole and lawful owner of all right, title and interest in and to every claim that he releases in this Agreement and that he has not previously assigned or transferred, or purported to do so, to any person or other entity any right, title or interest in any such claims.

8. The terms of this Agreement, its contents and the settlement amount set forth in Paragraph three (3) are confidential and shall not be disclosed by any party or their counsel except as is necessary for the Trustee to obtain Bankruptcy Court approval for this Agreement, as required by legal process, and/or by regulatory obligations. However, the Parties shall be allowed to discuss the terms of this Agreement with their tax professionals, and attorney(s). The Parties shall notify each other of any subpoena or other discovery request received regarding this Agreement, its terms or contents or the negotiations underlying this Agreement. The Parties must provide such notification, including copies of the subpoena or other discovery request within a reasonable time after receipt of the subpoena or other discovery request.

4

9. The provisions of this Agreement shall inure to the benefit of, and shall be binding upon successors in interest, assigns and legal representatives of MCM, MCM-Related Persons, Synergetic, Synergetic-Related Persons, NJM, NJM-Related Persons, Remex, Remex-Related Persons, Nationwide, Nationwide-Related Persons, NCB, NCB-Related Persons, Trustee, and Zamora.

10. The laws of the State of New Jersey shall govern the validity of this Agreement. The United States Bankruptcy Court for the District of New Jersey shall retain jurisdiction to resolve any dispute regarding the validity and interpretation of this Agreement.

11. This Agreement sets forth the entire understanding and agreement among the Parties with respect to the subject matter hereof and supersedes any prior or contemporaneous oral and/or written agreements or representations.

12. This Agreement may not be altered or amended in any of its provisions except by the mutual written agreement of the Parties.

13. Should any of the provisions set forth herein be determined to be invalid by any court, agency or any other tribunal of competent jurisdiction, such determination shall not affect the enforceability of the other provisions herein and to this end the provisions of this Agreement are declared severable.

14. In the event that notice to one of the Parties must be provided under the terms of this Agreement, notice is deemed provided by sending the required notice and/or documents and materials via certified U.S. Mail, with postage prepaid, to the respective addresses:

    a.    For Trustee:

    Becker LLC
    Attn: Eric R. Perkins
    354 Eisenhower Parkway, Suite 1500
    Livingston, NJ 07039

    b.    For MCM:

    Midland Credit Management, Inc.
    Attn: Legal Department
    350 Camino De La Reina, Suite 100
    San Diego, CA 92108

    c.    For Synergetic:

    Mitchell L Williamson, Esq.
    Barron & Newburger, P.C.
    458 Elizabeth Ave., Suite 5371
    Somerset, N.J. 08873

    d.    For NJM:

    Jessica Schlee-Gilbert, Esq.
    New Jersey Manufacturers Insurance Company
    301 Sullivan Way
    West Trenton, NJ 08628

5

Case 2:20-cv-15755-JXN-SDA Document 60 Filed 01/11/24 Page 14 of 18 PageID: 382
Case 2:19-cv-07683-JXN-ESK Document 122-3 Filed 12/20/23 Page 14 of 18 PageID: 2604
Document Page 11 of 15

  e.  For Remex:    Remex, Inc.,
                307 Wall St.
                Princeton, NJ 08504

  f.  For Nationwide:  Aaron Easley, Esq.
                Sessions, Israel & Shartle
                3 Cross Creek Drive,
                Flemington, NJ 08822

  g.  For NCB:    Michael T. Etmund
                Moss & Barnett
                150 South Fifth Street, Suite 1200
                Minneapolis, MN 55402

  15.  This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of all parties.

  IN WITNESS WHEREOF, the Parties have duly executed this Agreement effective as of the last date written below.

REMEX, INC.

MIDLAND CREDIT MANAGEMENT, INC.

By: *Matt Jubenville* (signature)

By: _____

Name: Matt Jubenville

Name: _____

Title: Associate General Counsel

Title: _____

Date: 8/24/2023

Date: _____

NATIONWIDE CREDIT, INC.

SYNERGETIC COMMUNICATION, INC.

By: _____

By: _____

Name: _____

Name: _____

Title: _____

Title: _____

Date: _____

Date: _____

6

Case 2:20-cv-15755-JXN-SDA   Document 60   Filed 01/11/24   Page 15 of 18 PageID:
Case 2:20-cv-04703-JXN-ESK   Document 202-3 Filed 01/24/2024 Page 14 of 18 PageID: 383
Document   Page 12 of 15

    e.    For Remex:    Remex, Inc.,
307 Wall St.
Princeton, NJ 08504

    f.    For Nationwide:    Aaron Easley, Esq.
Sessions, Israel & Shartle
3 Cross Creek Drive,
Flemington, NJ 08822

    g.    For NCB:    Michael T. Etmund
Moss & Barnett
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402

15. This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of all parties.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement effective as of the last date written below.

MIDLAND CREDIT MANAGEMENT, INC.

By: _____

Name: _____

Title: _____

Date: _____

REMEX, INC.

By: _/s/_____

Name: _Keith Kettelkamp_____

Title: _President_____

Date: _8/24/23_____

SYNERGETIC COMMUNICATION, INC.

By: _____

Name: _____

Title: _____

Date: _____

NATIONWIDE CREDIT, INC.

By: _____

Name: _____

Title: _____

Date: _____

6

Case 2:20-cv-15755-JXN-SDA Document 60 Filed 01/11/24 Page 16 of 18 PageID:
Case 2:20-cv-15755-JXN-SDA Document 22 Filed 01/24/20 Page 16 of 18 PageID:
Document Page 13 of 15

e.  For Remex:  Remex, Inc.,
307 Wall St.
Princeton, NJ 08504

f.  For Nationwide:  Aaron Easley, Esq.
Sessions, Israel & Shartle
3 Cross Creek Drive,
Flemington, NJ 08822

g.  For NCB:  Michael T. Etmund
Moss & Barnett
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402

15. This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of all parties.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement effective as of the last date written below.

MIDLAND CREDIT MANAGEMENT, INC.

By: _____
Name: _____
Title: _____
Date: _____

REMEX, INC.

By: _____
Name: _____
Title: _____
Date: _____

SYNERGETIC COMMUNICATION, INC.

By: _____
Name: Mike Oshubo
Title: President
Date: 8/25/2023

NATIONWIDE CREDIT, INC.

By: _____
Name: Aaron R. Easley
Title: Attorney
Date: 8-24-23

6

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY

By: _____

Name: Jessica Schlee-Gilbert, Esq.

Title: Assistant Vice President & Corporate Counsel

Date: 8/23/23

NCB MANAGEMENT SERVICES INC.

By: _____

Name: _____

Title: _____

Date: _____

ERIC R. PERKINS, as Chapter 7
Trustee of the Estate of Carolina C. Zamora

_____
Signature

Dated:

7

Case 2:20-cv-15755-JXN-SDA   Document 60   Filed 01/11/24   Page 18 of 18 PageID: 386
Case 2:20-cv-15755-JXN-ESK   Document 32023   Filed 01/24/07   Page 18 of 18 PageID: 308
Document   Page 15 of 15

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY

By: _____

Name: Jessica Schlee-Gilbert, Esq.

Title: Assistant Vice President & Corporate Counsel

Date: _____

NCB MANAGEMENT SERVICES INC.

By: /s/ Ross Enders

Name: Ross Enders

Title: Deputy General Counsel

Date: 8/23/2023

ERIC R. PERKINS, as Chapter 7
Trustee of the Estate of Carolina C. Zamora

/s/ Eric R. Perkins
Signature

Dated: 9/5/2023

7